UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:13-CV-1884-RDP |
| **IRISH PUB & GRILL, INC., et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Renewed Motion for Default Judgment (Doc. # 24), filed by Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") on March 24, 2014 against Defendants Irish Pub & Grill, Inc. and Thomas Hogan (collectively "Defendants").[1] After the Clerk's Entry of Default (Doc. # 18), Plaintiff now seeks a Rule 55(b) default judgment for the full relief sought in the Complaint (Doc. # 10) in the amount of $258,142.20, representing $228,128.67 due under the loan at issue and $30,013.53 in attorneys' fees and costs. (Doc. # 24). For the reasons outlined below, the current Motion (Doc. # 24) is due to be **GRANTED**.

Rule 55(b) states in relevant part:

(b) **Entering a Default Judgment**.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent

---

[1] Plaintiff does not seek default judgment against Defendant Myra McFadden, who responded to Plaintiff's Amended Complaint (Doc. #10) in a timely fashion. (Doc. #13—"Answer to Amended Complaint").

person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(1),(2).

Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[2] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain.  Thus, Plaintiff's Renewed Motion for Default Judgment (Doc. # 24) in this case is properly before the undersigned.

The court finds the requirements of Rule 55(b)(2) are satisfied in this case. Defendants were duly served with Summons and Complaint on October 18, 2013, by process server evidenced by a Proof of Service filed on October 18, 2013 (Docs. # 6 & 7).  Defendants were provided with a copy of the Amended Complaint on January 15, 2014 (Doc. # 10) and waived service of summons as evidenced by the Waiver of Service of Summons filed on January 15, 2014.  (Doc. # 21).  Defendants failed to plead, answer, or otherwise defend as to the Amended

---

[2] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed.R.Civ.P. 55(a).

Complaint as required by March 17, 2014.  Default was entered by the Clerk of the Court on December 18, 2013.  Subsequently, Defendants failed to appear for the Rule 16(b) Scheduling Conference on August 28, 2014 at 2:30 p.m. in courtroom 7A of the Hugo L. Black U.S. Courthouse, 1729 Fifth Avenue North, Birmingham, Alabama.

According to the Amended Complaint, Plaintiff seeks the full amount due under the terms of the loan and reasonable attorneys' fees and costs.  (Doc. # 10).  In its current Motion, Plaintiff apparently seeks the amount of $258,142.20, representing $228,128.67 due under the loan at issue and $30,013.53 in attorneys' fees and costs.  (Doc. # 24).  Plaintiff's Amended Complaint alleges that Defendants failed to satisfy certain obligations of an outstanding loan between the parties, allegations which are accepted as established due to Defendants' default.

The case law is clear that a judgment by default may only be entered without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted).  With its current Motion (Doc. # 24), Plaintiff has provided the court with two detailed affidavits which incorporate (and authenticate) supporting documents and establish the necessary facts regarding the amount due and owing under the loan.  (Docs. # 24-1 and # 24-2).  Damages may be awarded if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citations omitted).  Therefore, Plaintiff is entitled to an award of $228,128.67, the amount due under the loan at issue.

However, the Plaintiff has not yet presented sufficient evidence to support the reasonableness of its request for attorneys' fees and costs in the amount of $30,013.53.  Because

the court finds that the present record alone does not support entry of an award as to attorney's fees and cost, an evidentiary hearing may be necessary.  Therefore, **on or before Friday, August 29, 2014**, Plaintiff **SHALL** file evidence supporting their request for reasonable attorneys' fees and costs, including: counsels' hourly rate(s) in the case, the number of hours billed in the case, and a description of work completed.  Only material revealing privileged attorney-client or work product information may be redacted.  All other information must be presented on the record and not under seal.  Plaintiff's Renewed Motion for Default Judgment (Doc. # 24) is **RESET** for an evidentiary hearing at **10:00 a.m. on Tuesday, September 2, 2014**, in courtroom 7A of the Hugo L. Black U.S. Courthouse, 1729 Fifth Avenue North, Birmingham, Alabama.

The Clerk of the Court is **DIRECTED** to **SERVE** a copy of this memorandum opinion on all Defendants at their addresses of record.

**DONE** and **ORDERED** this August 25, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE