UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:13-cv-01884-RDP |
| **IRISH PUB & GRILL, INC., et al.,** | } |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion for Summary Judgment (Doc. 52), filed January 22, 2015. In its Motion, Plaintiff claims that Defendant Myra McFadden, along with others, defaulted on her obligations existing under a note due to Plaintiff. As a result, Plaintiff moves the court to enter judgment in its favor and against Defendant McFadden in the amount of $490,921.37, plus additional pre-judgment interest, post-judgment interest, attorneys' fees and costs in the amount of $30,013.53. (Doc. 52 at 2). Although advised of her right to do so, and warned of the consequences of failure to oppose the motion, (*see, e.g.*, Doc. 63 at 1 ("Defendant's failure to timely respond may result in the grant of Plaintiff's Motion (Doc. 52), or the entry of default judgment in Plaintiff's favor.")), Defendant McFadden has not responded to, or otherwise defended against, Plaintiff's Motion. As a result of Defendant's failure to respond with either legal citations or evidence, the record on summary judgment consists solely of Plaintiff's submissions.

Nevertheless, Federal Rule of Civil Procedure 56(e)(2) authorizes the court to enter summary judgment only "if appropriate." As a result, "summary judgment, even when

unopposed, can only be entered when 'appropriate.'" *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). It is impermissible for the court to "base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, [the court] must consider the merits of the motion." *Id.* To determine if summary judgment is appropriate, the Eleventh Circuit has discussed what evidence the court must consider:

> [t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

*Id.* at 1101-02. Accordingly, the court will proceed to examine the facts as presented by Plaintiff but will apply independent judgment as to whether these facts are sufficient to support Plaintiff's Motion (Doc. 52). Upon due consideration, the court concludes that Plaintiff is entitled to summary judgment as a matter of law.

**I.      Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to

interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

## II.     Statement of Undisputed Facts[1]

On or about September 17, 2003, Plaintiff made a loan to Irish Pub & Grill, Inc., Thomas Hogan, and Defendant McFadden (collectively, the "Borrowers") in the original principal amount of $1,268,300.00 (the "Loan") pursuant to that certain Loan Agreement dated September 17, 2003 made by and between Borrowers and Plaintiff (the "Loan Agreement"). (Doc. 52-1, Nalbandian Decl. 2 at ¶¶ 5-6; Doc. 52-1, Exs. 1, 2 to Nalbandian Decl.). The Loan is evidenced by a Promissory Note dated September 17, 2003, made by Borrowers payable to Plaintiff in the original principal amount of $1,268,300.00 (the "Note"). (Doc. 52-1, Nalbandian Decl. at ¶ 6; Doc. 52-1, Ex. 2 to Nalbandian Decl.).

---

[1] The facts set forth in this opinion are gleaned from Plaintiff's submission of facts claimed to be undisputed and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

Although Defendant McFadden became *pro se* after their attorney withdrew from this case on January 5, 2015 (Doc. 50), she has been given ample time to find new representation or respond to Plaintiff's Motion (Doc. 52). (*See, e.g.*, Doc. 62).

The Note was secured by, among other things, that certain Mortgage dated September 17, 2003, executed by Borrowers in favor of Plaintiff, and recorded on September 17, 2003, in the Office of the Judge of Probate for Jefferson County, Alabama, at Book 200314, Page 4770 (as assumed, amended, and modified from time to time, the "Mortgage"), pursuant to which Borrowers granted Plaintiff a security interest in the real property, personal property, and fixtures more particularly described therein. The Mortgage was also recorded in the Judge of Probate for Shelby County, Alabama as instrument number 20030919000632210. (Doc. 52-1, Nalbandian Decl. at ¶ 7; Doc. 52-1, Ex. 3 to Nalbandian Decl.)

On or before November 15, 2012, events of default had occurred and were continuing to occur under the Loan Documents (the "Events of Default"), including without limitation, Borrowers failing to pay the amounts due and owing under the Note. (Doc. 52-1, Nalbandian Decl. at ¶ 8). As a result of the Events of Default, Plaintiff declared the Note to be in default and demanded repayment thereof pursuant to a Notice of Default dated November 15, 2012 (the "Default Notice"). (Doc. 52-1, Nalbandian Decl. at ¶ 9; Doc. 52-1, Ex. 4 to Nalbandian Decl.).

Borrowers failed to cure the default, and as a result, Plaintiff accelerated the maturity of the Note and demanded payment in full pursuant to a Demand for Payment letter (the "Demand Letter") dated January 24, 2013. (Doc. 52-1, Nalbandian Decl. at ¶ 10; Doc. 52-1, Ex. 5 to Nalbandian Decl.). As of September 6, 2013, the outstanding indebtedness due under the Note was $1,218,128.67. (Doc. 52-1, Nalbandian Decl. at ¶ 11). This debt consisted, in part, of $1,031,319.64 in unpaid principal, $50,774.39 in accrued and unpaid interest, late charges of $3,499.02, $10,758.00 in appraisal and reporting fees, $114,829.62 in protective advances for property taxes and force-placed insurance, and $6,948.00 in additional fees (collectively, the "Debt"). (*Id.*).

In addition, pursuant to the Loan Documents, Borrowers are obligated to pay Plaintiff all costs it incurs in enforcing its rights in collecting the outstanding indebtedness under the Note, including but not limited to attorneys' fees, costs of collection, and court costs (together with the Debt, collectively, the "Loan Obligations"). (*Id.* at ¶ 12). On September 18, 2013, Plaintiff foreclosed on the Mortgage for a credit against the Debt in the amount of $990,000.00 (the "Foreclosure Credit"). (*Id.* at ¶ 13). As of January 22, 2015, the amount due under the Note is $490,921.37. (Doc. 52-2, Damages Decl. at ¶ 5). This amount consists of unpaid principal of $260,605.48, unpaid but accrued interest of $99,297.25, late fees of $3,499.02, appraisal and reporting fees and costs of $17,722.00, force-placed insurance costs of $8,104.00, and property protection advances of $101,693.62. (*Id.*). Finally, Plaintiff requests the court to award it attorneys' fees and costs in the amount of $30,013.53. (Doc. 52-3, Hahn Decl.). Plaintiff submits an affidavit attesting to the reasonableness of these fees, and detailed billing records reflecting the same. (*Id.*; Doc. 52-3, Ex. 1 to Han Decl.).

## III.   Discussion

Based on the Rule 56 record and under Alabama law,[2] the court concludes that Defendant McFadden has breached her obligations under the Note. Therefore, Plaintiff is entitled to summary judgment as a matter of law. The amounts claimed in the motion can be computed with reasonable certainty. Accordingly, Defendant McFadden is obligated to pay the amount due under the Note, Plaintiff's attorneys' fees and costs.

---

[2] Where federal jurisdiction is premised upon diversity of citizenship, the court must apply the substantive law of the forum state, in this case, Alabama, to determine the enforceability of a choice-of-law provision. *See Burger King Corp. v. E-Z Eating*, 572 F.3d 1306, 1313 n.9 (11th Cir. 2009). The right of parties to an agreement to choose a particular state's laws is well-settled in Alabama, so long as the choice-of-law provision is not contrary to Alabama law or public policy. *Mercedes-Benz U.S. Int'l, Inc. v. Cobasys, LLC*, 65 F. Supp. 2d 1189, 1196-97 (N.D. Ala. 2009). Accordingly, resolution of Plaintiff's claims are governed by the laws of the State of Alabama. Alabama law governs Plaintiff's claims and Defendant McFadden's defenses.

### A.     Breach of Contract

Plaintiff is entitled to summary judgment as to its breach of contract claim against Defendant McFadden.  To establish a breach of contract claim under Alabama law, a plaintiff must prove four elements: (1) a valid contract binding the parties, (2) plaintiff's performance under the contract, (3) defendant's nonperformance, and (4) plaintiff's resulting damages. *State Farm Fire & Casualty Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999). The court finds that all of these elements are satisfied by the undisputed evidence in this case.

The validity of the contract is not in dispute. (*See* Doc. 30).  In this case, the terms of the Note and other Loan Documents are "clear and certain," and their legal effect is a matter for the court to decide. *See Smith v. Citicorp Pers.-to-Pers. Fin. Ctrs., Inc.*, 477 So. 2d 308, 310 (Ala. 1985) ("When the terms of a contract are clear and certain, it is the duty of the court and not the jury to analyze and determine the meaning of the contract. . . . Moreover, if an instrument is unambiguous, its construction and effect are questions of law which may be decided by summary judgment." (internal citations omitted)).  The Note executed by Defendant McFadden reflects her unconditional promise to repay all amounts loaned to her.  (Doc. 52-1, Ex. 2 to Nalbandian Decl. at ¶ 1).  The Note states, "[i]n return for the Loan," Defendant McFadden promised to pay "the amount of One Million Two Hundred Sixty-Eight Thousand Three Hundred Dollars and No Center ($1,268,300.00), interest on the unpaid principal balance, and all other amounts required by this Note." (*Id.*).  Additionally, the Note provides that "[a]ll individuals and entities signing this Note are jointly and severally liable." (*Id.* at ¶ 9.A).  Defendant McFadden, of course, has never disputed the terms of the Note or that Plaintiff is entitled to recover the amounts claimed.

In addition, a declaration from Mr. Nalbandian provides undisputed evidence that (i) Defendant McFadden is in default under the Loan Documents and (ii) the amount due under the

6

Note as of January 22, 2015 is $490,921.37. (Doc. 52-1, Nalbandian Decl. ¶¶ 4-5). A lender that has provided such information by a declaration based on its authorized representative's personal knowledge has "adequately established that there [is] no genuine issue of material fact" and is entitled to summary judgment. *Stephens v. First Commercial Bank*, 45 So. 3d 735, 739-40 (Ala. 2010).

Therefore, the Rule 56 record reveals that Plaintiff is entitled to summary judgment on the breach of contract claims. Accordingly, for this reason, judgment is due to be entered against Defendant McFadden for $490,921.37 plus interest.

### B.     Attorneys' Fees and Costs

The court concludes that Plaintiff is entitled to $30,013.53, as an amount reflecting Plaintiff's reasonable attorneys' fees and costs. As a matter of law, Defendant McFadden is obligated to pay Plaintiff's attorneys' fees and costs. In Alabama, "attorney fees are recoverable as part of the costs of an action only where authorized by statute, when provided in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid." *Huntley v. Regions Bank*, 807 So. 2d 512, 518 (Ala. 2001) (quoting *Reynolds v. First Ala. Bank of Montgomery, N.A.*, 471 So. 2d 1238 (Ala. 1985)). The unambiguous terms of the Loan Documents reflect that Defendant McFadden is obligated to pay Plaintiff all costs that it has incurred in collecting amounts due under the Loan Documents and enforcing its rights under the Loan Documents. (Doc. 52-1, Ex. 3 to Nalbandian Decl.).

After a careful review of the record, the court concludes that Plaintiff has submitted sufficiently detailed evidence supporting the reasonableness of its request for attorneys' fees and costs, including: counsels' hourly rate(s) in the case; the number of hours billed in the case; and

a description of work completed.  (Doc. 52-3, Hahn Decl.; Doc. 52-3, Ex. 1 to Han Decl.). Accordingly, Plaintiff is due reasonable attorneys' fees and costs in the amount of $30,013.53.

**V.     Conclusion**

For these reasons, the court finds that Plaintiff's Motion for Summary Judgment (Doc. 52) is due to be granted.  Plaintiff is entitled to $520,934.90, representing $490,921.37 due under the loan and attorneys' fees and costs in the amount of $30,013.53.

A separate order will be entered in accordance with this Memorandum Opinion.

**DONE** and **ORDERED** this April 9, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE